UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| NNDYM IN, Inc. d/b/a Holiday Inn Express-Tell City, an Indiana corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:09-cv-129-RLY-WGH |
| UV IMPORTS, INC., a North Carolina corporation; UJAS PATEL, individually; and A ROYAL TOUCH, INC., a North Carolina corporation, Defendants. | ) ) ) ) ) ) | |

**ENTRY ON DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT**

**I.     Background**

On February 24, 2009, the plaintiff herein, NNDYM IN, Inc. ("Plaintiff"), entered into a contractual relationship with two North Carolina corporations, defendants, UV Imports, Inc. ("UV Imports") and A Royal Touch, Inc. (collectively the "Corporate Defendants"), to perform renovations on property it purchased. (Defendants' Ex. 8, Letter Agreement ("Letter Agreement")). Defendant, Ujas Patel ("Mr. Patel"), also a resident of North Carolina, is the president of the Corporate Defendants, and signed the contract as Contractor's Representative. (Plaintiff's Ex. 2, Affidavit in Support of Rule 60(b) Motion to Set Aside Default Judgment ("Rule 60(b) Affidavit") ¶¶ 1, 5; Letter Agreement). The contract included the condition that the Corporate Defendants would

1

complete performance of the renovations by March 30, 2009. (Letter Agreement).

According to Plaintiff, Defendants did not complete the renovation in accordance with the contract. As a result, on September 23, 2009, Plaintiff filed its Complaint against the Defendants. (Docket # 1). On September 30, 2009, a summons and Complaint were sent to the following address by certified mail: 3000 RDU Center Dr., Suite 102, Morrisville, NC 27560. (Defendants' Ex. 9, Affidavit of Service of Process ("Affidavit of Service of Process") ¶ 2 and Ex. 1). Lesley Ortiz ("Ms. Ortiz"), the receptionist at A Royal Touch, signed the return receipts. (Defendants' Ex. 1, Affidavit of Lesley Ortiz ("Ortiz Aff.") ¶ 3). Ms. Ortiz avers that she placed the certified envelopes "in a secure location in [her] desk," and simply "forgot" to give them to Mr. Patel. (*Id*. ¶ 5). Proof of service was filed with the court on October 8, 2009. (Docket ## 11-13). Defendants did not file an appearance or responsive pleading.

Mr. Patel testified that he was involved in a serious motor vehicle accident in South Carolina on September 4, 2009. (Rule 60(b) Affidavit ¶ 2). He was hospitalized for a short time and did not return to his office in North Carolina until December 12, 2009. (*Id*. ¶ 3). He was there "for only a few hours." (*Id*.). Thereafter, he returned to his native India to receive medical care from December 14, 2009, to February 4, 2010. (*Id*.).

On October 30, 2009, Plaintiff filed an Application for Entry of Default, and the Clerk entered default on November 3, 2009. (*See* Docket ## 13, 15). On November 4, 2009, Plaintiff filed a Motion for Default Judgment. (Docket # 17). On December 21, 2009, the court entered a judgment in favor of Plaintiff and against the Defendants, jointly

and severally, in the amount of $417,759.00 plus attorneys' fees and costs in the amount of $8,374.21. (Docket # 22). Mr. Patel did not learn of this lawsuit until he was sued on a foreign judgment in North Carolina Superior Court on March 16, 2010. (*Id*. ¶ 4).

On June 7, 2010, Defendants filed the instant Motion to Set Aside Default Judgment pursuant to Rule 60(b)(1) and Rule 60(b)(4) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court **GRANTS** Defendants' Motion to Set Aside Default Judgment.

## II.     Motion to Set Aside Default Judgment Pursuant to Rule 60(b)(4)

Defendants contend that service of process was not effective, and that therefore, the court does not have personal jurisdiction over them. Thus, according to Defendants, the judgment is void pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.

Rule 4(e) of the Federal Rules of Civil Procedure specifies the manner in which an individual may be served, and Rule 4(h) describes the manner in which a corporation may be served. Rule 4(e)(1) states that an individual "may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(h)(1)(A) states in relevant part that a corporation may be served in a judicial district of the United States, in the manner prescribed by Rule 4(e)(1) for serving an individual.

The individual Defendant in this action, Mr. Patel, is a resident of North Carolina, and both UV Imports and A Royal Touch, are North Carolina corporations. The district

3

court in which this action is pending is located in Indiana. Thus, service on both the individual and the corporate Defendants could be made pursuant to either North Carolina or Indiana law.

### A. Service on Mr. Patel

Indiana Trial Rule 4.1(A)(1) states that "[s]ervice may be made upon an individual, or an individual acting in a representative capacity, by: (1) sending a copy of the summons and complaint by registered or certified mail . . . to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter . . . ."

A copy of the summons and Complaint were sent to Mr. Patel at his place of business via certified mail on September 30, 2009. Ms. Ortiz signed the return receipt cards. (Ortiz Aff. ¶ 3). Ms. Ortiz avers that, under ordinary circumstances, only Mr. Patel would sign for packages or certified mail. (*Id.* ¶ 9). Since he was not available, she signed the return receipt cards "because the post man asked [her] to" and because she "thought I had no choice." (*Id.* ¶ 10). Ms. Ortiz also avers that she has "never been authorized to sign for certified mail, service of process or any other official government communication for Mr. Patel, A Royal Touch, Inc. or UV Imports, Inc." (*Id.* ¶ 11; *see also* Rule 60(b) Affidavit ¶ 8 (stating that Ms. Ortiz "has not been authorized to accept certified mail or service of process")).

Indiana case law interpreting Trial Rule 4.1(A) provides that so long as service of process was mailed to the individual's residence or place of business, and a return receipt

4

is signed and returned showing receipt of the letter, "service by mail is effective even if someone other than the intended recipient ultimately signs the return receipt." *Marshall v. Erie Ins. Exchange*, 923 N.E.2d 18, 22-23 (Ind. Ct. App. 2010) (citing *Precision Erecting, Inc. v. Wokurka*, 638 N.E.2d 472, 474 (Ind. Ct. App. 1994)). Indeed, "nothing in the trial rules requir[es] that the individual to whom service of process is mailed be the one who signed the return receipt in order for service to be effective. Rather the rule requires only that service be *sent* by certified mail to the proper person." *Precision Erecting,* 638 N.E.2d at 474. As service was sent to Mr. Patel's place of business, and the return receipt was signed by Ms. Ortiz, service was effective as to him under Trial Rule 4.1(A). Accordingly, the court has personal jurisdiction over Mr. Patel.

B. **Service on the Corporate Defendants**

1. **Service Under North Carolina Law**

North Carolina Civil Rule 4(j)(6)(a) provides that service may be made upon a domestic or foreign corporation "[b]y delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office." The rule "does not require that the person upon whom the summons is served be in fact in charge of the office of the officer, director or managing agent of the corporation, merely that the person be 'apparently in charge.'" *Williams v. Burroughs Wellcome Co.*, 265 S.E.2d 633, 636 (N.C. App. 1980). In determining whether one is "in charge of the office," the court requires competent

5

evidence. *Id*.

At oral argument, Defendants' counsel represented that Ms. Ortiz was the only person in the office at the time the summons and Complaint for the Corporate Defendants were delivered by the postman, and, as noted above, Ms. Ortiz signed the certified mail receipt. The evidence of record shows that Ms. Ortiz did not have the authority to sign for packages or certified mail. (Ortiz Aff. ¶ 11; Rule 60(b) Aff. ¶ 8). In fact, Ms. Ortiz is not an officer, director, shareholder, registered agent, or an agent for purposes of service of process. (Rule 60(b) Aff. ¶ 8). Ms. Ortiz is not even an employee of UV Imports; rather, she is an employee of A Royal Touch. (Rule 60(b) Aff. ¶¶ 8-9). On this record, there is no competent evidence that Ms. Ortiz was "apparently in charge of the office" of either Corporate Defendant at the time the summons and Complaint were delivered. Accordingly, service to the Corporate Defendants under North Carolina law was defective.

### 2. Service Under Indiana Law

Indiana Trial Rule 4.6(A) provides that service on a domestic or foreign organization may be made "upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Indiana Trial Rule 4.6(B) provides that "[s]ervice under subsection (A) of this rule shall be made on the proper person in the manner provided by these rules, for service upon individuals. . . ." Thus, "[f]or service to be made on the proper person, the proper person need not receive the service, however, the service must be sent to the proper

person. *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 660 (Ind. Ct. App. 2001) (citing *Premier Erecting*, 638 N.E.2d at 474).

With respect to the Corporate Defendants, the summons was addressed to "A Royal Touch, Inc." and "UV Imports, Inc." (Affidavit of Service of Process, Ex. 1). Here, Plaintiff did not address the summons to an "executive officer," or an agent appointed to accept such service. Plaintiff merely addressed the summons to the corporation. Service to the Corporate Defendants was therefore defective under the Indiana Trial Rules. *See Volunteers of Am.*, 755 N.E.2d at 660 (holding service defective under Indiana Trial Rule 4.6(A) where the summons was simply addressed to "Volunteers of America").

Because service was defective under both North Carolina and Indiana law, the court does not have personal jurisdiction over the Corporate Defendants, and the judgment entered by the court on December 21, 2009, is void. Defendants' Motion to Set Aside Default Judgment under Rule 60(b)(4) is **GRANTED** with respect to the Corporate Defendants.

### III. Motion to Set Aside Default Judgment Pursuant to Rule 60(b)(1)

Rule 60(b)(1) provides, *inter alia*, that the court may relieve a party from a final judgment "upon a showing of mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). The party moving to set aside the judgment has the burden to show the following three factors: (1) "good cause for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original

complaint." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) (citing *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994)). The decision whether to grant relief under Rule 60(b)(1) is within the discretion of the court. *Id*.

The record indicates Mr. Patel was in a serious vehicular accident on September 4, 2009, resulting in him being out of the office, and eventually, out of the country recuperating, until February 4, 2010. The record also indicates that through his secretary's failure to provide him with the envelopes containing the summons and Complaint in this action, Mr. Patel did not become aware of this lawsuit until March 16, 2010, when he received a Notice of A Foreign Judgment in North Carolina. Thus, the court finds that there was good cause for the default.

In addition, Mr. Patel exercised quick action to correct the default, by contacting his counsel in North Carolina, who advised him to obtain counsel in Indiana. As Mr. Patel is not a resident of Indiana, he was not able to secure counsel in Indiana until May 13, 2010. (Rule 60(b) Aff. ¶ 4). The present motion was filed less than a month later.

Finally, Mr. Patel has a meritorious defense to this action. Mr. Patel is not a party to the contract at issue in this case. Instead, he signed the contract in his representative capacity. (*See* Letter Agreement at 2). Moreover, Mr. Patel disputes that a breach occurred, and also disputes the amount of damages claimed in the Plaintiff's Complaint. Mr. Patel thus raises a serious question about the propriety of a default judgment against him under the facts and circumstances of this case. *Jones*, 39 F.3d at 165 (7th Cir. 1984) ("A meritorious defense is not necessarily one which must, beyond a doubt, succeed in

defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis."). Accordingly, the court finds that Mr. Patel satisfies the requirements under the relevant case law to be relieved from the judgment in this case pursuant to Rule 60(b)(1). Defendants' Motion to Set Aside Default Judgment under Rule 60(b)(1) is **GRANTED** with respect to Mr. Patel.

### IV. Conclusion

For the reasons set forth above, the court hereby **GRANTS** Defendants' Motion to Set Aside Default Judgment (Docket # 24). The judgment issued on December 21, 2009, is **VACATED**. The Clerk is directed to reopen this case forthwith.

**SO ORDERED** this  30th   day of March 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

David Hatfield
Hatfield Law Office, LLC
dhat54@gmail.com

John J. Conway
Sullivan Hincks & Conway
johnconway@shlawfirm.com

Mark R. Ramsey
Ramsey Law Office
mark@psci.net