UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| NNDYM IN, INC., ) <br> d/b/a Holiday Inn Express ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> UV IMPORTS, INC., A ROYAL TOUCH, INC., ) <br> and UJAS PATEL, ) <br> ) <br>     Defendants. ) | Case No. 3:09-cv-129-TWP-WGH |

**ENTRY ON DEFENDANT UJAS PATEL'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

**I.   INTRODUCTION**

This matter is before the Court on Defendant Ujas Patel's ("Mr. Patel") Motion to Dismiss for Failure to State a Claim filed April 22, 2011.  (Dkt. #47).  Plaintiff, NNDYM IN, Inc., ("Plaintiff") filed its response on May 11, 2011.  (Dkt. #55).  Mr. Patel filed his reply brief on May 17, 2011.  (Dkt. #58).

**II.   BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff owns and operates a Holiday Inn Express hotel in Tell City, Indiana.  In its Complaint, Plaintiff alleges that it contracted with the Defendants, UV Imports, Inc. ("UV Imports"), and A Royal Touch, Inc. ("Royal"), to perform renovations to the hotel.  Plaintiff alleges that Mr. Patel is an owner and officer of both UV Imports and Royal and that the Defendants failed to complete all of the renovations called for in the contract, causing Plaintiff to suffer damages.

On September 23, 2009, Plaintiff filed a Complaint for breach of contract. Plaintiff alleges it sought bids from a number of contractors for the completion of a "Property

Improvement Plan" ("PIP") for its hotel and that Mr. Patel provided a bid. However, attached to the Complaint as Exhibit 2 is the PIP agreement which was submitted by "UV Imports, Inc." and "A Royal Touch, Inc.," who are referred to as "Contractors" and the agreement is signed by "Ujas Patel (Contractor's Representative)."

At issue in this Motion to Dismiss is whether the Complaint states a claim against Mr. Patel individually. In that regard, the Complaint states:

> On information and belief, defendant Patel is an owner and officer of [UV Imports]....On information and belief, in conjunction with its hotel remodeling business, [UV Imports] works in conjunction with an affiliated entity known as Royal. On information and belief, Patel is also an owner and officer of Royal.

Further, Plaintiff claims that "defendant Royal has been dissolved by the North Carolina Secretary of State," and, "on information and belief, defendant Royal is the alter ego of defendant Patel."

Mr. Patel filed the instant Motion to Dismiss arguing that: (1) Mr. Patel, as the officer, shareholder or director of Royal and UV Imports, is not individually liable for the corporate obligations; (2) Plaintiff's "alter ego" or "piercing the corporate veil" theory is based solely on the dissolution of Royal by the North Carolina Secretary of State; (3) records from the North Carolina Secretary of State indicate that Royal has not been dissolved; (4) Plaintiff has failed to plead any other facts that would support an "alter ego" or "piercing the corporate veil" theory; and (5) Plaintiff's Complaint for breach of contract against Patel must, therefore, be dismissed. Having examined the relevant legal authorities as well as the arguments of the parties, the Court concludes that Mr. Patel's Motion to Dismiss for Failure to State a Claim must be **GRANTED**.

### III.   LEGAL STANDARD

When reviewing a 12(b)(6) motion, the court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, - - -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). When ruling on a motion to dismiss, a court generally should only consider the complaint's allegations. *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (citation omitted). However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed.R.Civ.P. 10(c).\pard plain   Furthermore, when ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

### IV.   ANALYSIS

Plaintiff filed suit in this case against Mr. Patel individually for breach of contract despite the fact that Patel only signed the contract at issue in this case as a "contractor's representative"

of UV Imports and Royal.  Usually, corporate officers or shareholders are not personally liable for the contractual obligations of the corporation. *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1231 (Ind. 1994).  Therefore, Indiana courts are, generally, reluctant to disregard a corporate identity; they will do so only to protect third parties from fraud or injustice resulting from doing business with a corporate entity. *Four Seasons Mfg., Inc. v. 1001 Coliseum, Inc.*, 870 N.E.2d 494, 504 (Ind.Ct.App. 2007).  In order to pierce the corporate veil, plaintiff bears the burden of establishing that the corporate entity was so ignored, controlled, or manipulated that it was merely the instrumentality of another and that the misuse of the corporate form would constitute a fraud or promote injustice. *Gurnik v. Lee*, 587 N.E.2d 706, 710 (Ind.Ct.App. 1992).

In deciding whether Plaintiff has met its burden, we must consider whether it has sufficiently plead:  (1) undercapitalization; (2) absence of corporate records; (3) fraudulent representation by corporation shareholders or directors; (4) use of the corporation to promote fraud, injustice, or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; or (8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form. *Aronson v. Price*, 644 N.E.2d 864, 867 (Ind. 1994).

In this instance, the only fact pled by Plaintiff which would support piercing the corporate veil, was that Royal had been dissolved as a corporate entity by the North Carolina Secretary of State.  However, records from the North Carolina Secretary of State indicate that Royal has not been dissolved.  The Seventh Circuit has indicated that such public records may be used in ruling on a motion to dismiss without converting the motion to a motion for summary judgment. *Anderson*, 217 F.3d at 474-75.  Because there are no other facts pled to support

piercing the corporate veil, Plaintiff has failed to provide enough facts to demonstrate a plausible claim that Patel is personally liable for a breach of contract by Royal or UV Imports, and the Complaint against Mr. Patel must be dismissed.  *Hecker*, 556 F.3d at 580.

## V. **CONCLUSION**

For the reasons outlined above, Defendant Ujas Patel's Motion to Dismiss for Failure to State a Claim (Dkt. #47) is **GRANTED**.  All claims against Mr. Patel in Plaintiff's Complaint are **DISMISSED** without prejudice.

SO ORDERED.

Dated:  __11/01/2011__

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com,jshackelford@zsws.com

John J. Conway
SULLIVAN HINCKS & CONWAY
johnconway@shlawfirm.com

Clay W. Havill
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
chavill@zsws.com,kmoore@zsws.com

Mark R. Ramsey
RAMSEY LAW OFFICE
mark@psci.net,jlsj2@hotmail.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com,jshackelford@zsws.com