UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| NNDYM IN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   3:09-cv-129-RLY-WGH |
| | ) |
| UV IMPORTS, INC., and | ) |
| A ROYAL TOUCH, INC., | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT**

This matter is before the Honorable William G. Hussmann, Jr., United State Magistrate Judge, on Plaintiff's Motion for Leave to File an Amended Complaint filed November 17, 2011.  (Docket No. 78).  Defendants have not filed a response.

**I.    Discussion**

Plaintiff, NNDYM IN, Inc., filed this motion seeking to amend its Complaint. The amendment of pleadings by a party is governed by Rule 15(a) of the Federal Rules of Civil Procedure.  That rule permits the amendment of a pleading after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, but notes that leave should be freely given when justice requires. FED. R. CIV. P. 15.  "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile."

*Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002).

In this case, it does not appear that there has been any undue delay in the filing of the First Amended Complaint or that Defendants would suffer any undue prejudice if the amendment was permitted.  The only question is whether or not the amendment would be futile.  On November 1, 2011, all claims against Ujas Patel ("Patel") in Plaintiff's original Complaint were dismissed without prejudice by the court.  Plaintiff has now moved to amend the Complaint by adding two new claims (Count II and Count III) against Patel.  In Count II, Plaintiff alleges that there was an oral agreement between Plaintiff and Patel that ensured that Patel would be personally responsible for performance of the contract.  (First Amended Complaint ¶¶ 29-46).  In Count III, Plaintiff raises an alter ego or "piercing the corporate veil" theory in which Defendants UV Imports, Inc. ("UV Imports") and A Royal Touch, Inc. ("Royal Touch") are the alter egos of Patel.  (*Id.* ¶¶ 47-55). Plaintiff alleges that the corporate veil surrounding UV Imports and Royal Touch should be pierced because of several factors including:  undercapitalization; failure to conduct shareholder meetings; and failure to maintain corporate records.  Indiana courts do allow piercing the corporate veil under some circumstances.  *Escobedo v. BHM Health Associates, Inc.*, 818 N.E.2d 930, 933 (Ind. 2004).  Additionally, oral contracts are recognized under Indiana law in some circumstances.  *See, e.g., Kelly v. Levandoski*, 825 N.E.2d 850, 857 (Ind. Ct. App. 2005).  Consequently, the court concludes that allowing the amendment in this instance would not be futile.

**II.    Conclusion**

For the reasons outlined above, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**.  The Clerk of Court is directed to file Plaintiff's First Amended Complaint.

**SO ORDERED** this 8th day of December, 2011.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

John J. Conway
SULLIVAN HINCKS & CONWAY
johnconway@shlawfirm.com

Clay W. Havill
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
chavill@zsws.com

Mark R. Ramsey
RAMSEY LAW OFFICE
mark@psci.net

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com